**FAEGRE DRINKER BIDDLE & REATH, LLP**
TARIFA B. LADDON (SBN 240419)
*tarifa.laddon@faegredrinker.com*
KAREN M. FIRSTENBERG (SBN 222432)
*karen.firstenberg@faegredrinker.com*
THEODORE E. O'REILLY (SBN 267675)
*theodore.oreilly@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, CA  90025-6543
Telephone:     310.203.4000
Facsimile:      310.229.1285

Attorneys for Defendants
ZIMMER, INC., ZIMMER BIOMET HOLDINGS, INC.,
ZIMMER HOLDINGS, INC., and BIOMET
ORTHOPEDICS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL DICKFOSS,<br><br>            Plaintiff,<br><br>     v.<br><br>ZIMMER, INC.; ZIMMER BIOMET HOLDINGS, INC.; ZIMMER HOLDINGS, INC.; BIOMET ORTHOPEDICS, INC. AND DOES 1-100, INCLUSIVE,<br><br>            Defendants. | Case No.: 2:19-cv-01385-MCE-EFB<br><br>Hon. Morrison C. England, Jr.<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY; AND EXHIBIT A [CONFIDENTIALITY UNDERTAKING]**<br><br>[Filed Concurrently With [~~Proposed~~] Order]<br><br>Complaint Filed:     May 6, 2019<br>Date Removed:       July 22, 2019 |

**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**

It appearing that certain information, documents, and things of the Plaintiff Daniel Dickfoss and Defendants Zimmer, Inc., Zimmer Biomet Holdings, Inc., Zimmer Holdings, Inc., and Biomet Orthopedics, Inc. (the "Parties") subject to discovery in the above-captioned action is likely to involve the disclosure of confidential information, including by way of example and not limitation, financial, marketing, technical, licensing, research and development and other commercial information (hereinafter referred to as "Confidential Information"), that the Parties reasonably believe to comprise sensitive and valuable information whose disclosure could cause a party competitive harm.  Therefore, it has been agreed by the parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a stipulated confidentiality agreement should be entered.  By stipulating to this Agreement, the parties have agreed to be bound by its terms and to request its enforcement by the Court as necessary.

IT IS HEREBY STIPULATED by the attorneys for the parties, and approved by the court, that pursuant to Federal Rule of Civil Procedure 26(c)(1), Federal Rule of Evidence 502(d) and Local Rules of the United States District Court, Eastern District of California, Rules 141 and 141.1:

1) This Stipulation and Protective Order shall apply to all information, documents, and things subject to discovery in this action, including, without limitation, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, information and documents produced in response to Initial Disclosures, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

2) Any party to this litigation and any third-party shall have the right to designate as Confidential Information subject to this Order any information, document, or thing, or portion of any document or thing that contains: (a) trade secrets, competitively sensitive technical, marketing, licensing, research and development, financial, sales or other proprietary or confidential business information; (b) private or confidential personal information; (c) information received in confidence from third parties; or (d) information that the producing party otherwise believes in good faith to be

entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential Information, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:

"CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

3) The Parties agree to produce Confidential Information only upon the condition that the information remain confidential consistent with the terms of this Stipulated Protective Order of Confidentiality.

4) The Parties agree that a party's designation of material as confidential shall be made only after a bona fide determination that the material is in fact Confidential Information. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material, except as set forth in Paragraph 17 below. All parties and non-parties shall have the right to object to the designation of Confidential Information by appropriate motion before the court pursuant to the procedure set forth in Paragraph 11 below.

5) All Confidential Information shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or any other purpose whatsoever other than pursuing this litigation, including trials and any appeals herein, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the court.

6) Confidential Information and the contents of Confidential Information may be disclosed only to the following individuals under the following conditions:

    a. Parties to the litigation

    b. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

    c. Outside experts or consultants retained by outside counsel for purposes of this action, except that in no event shall any disclosure be made to employees,

3

officers, or directors of any competitors of a party, irrespective of whether they are retained as an expert or consultant for a party. For this paragraph, "employees" of a competitor shall mean individuals employed by a competitor who "can control what will be done and how it will be done," as defined in the Internal Revenue Service's definition of a common-law employee.

    d.    Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    e.    The court and court personnel;

    f.    Mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this litigation;

    g.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    h.    To the extent such disclosure is made, the party shall be advised of, become subject to, and agree in advance of disclosure to the provisions of this Protective Order requiring that the material and information be held as confidential. In the case of parties that are corporations or other business entities, "party" shall mean an employee of the company who has responsibilities that are related to the issues in this litigation.

    i.    Other persons that are designated by written agreement of court-appointed lead counsel for the plaintiffs and defendants to this MDL or by order of the court to be permitted access to Confidential Information.

7)    The Parties and their attorneys shall ensure that all persons falling within the

4

US.128449349.02

description of Paragraph 6 that receive Confidential Information are advised of the terms of this Protective Order and the confidential nature of the Confidential Information and that they are precluded from disclosing the information to any person and in any manner that is not required in the pursuit of this litigation, including any subsequent appeals. The parties receiving the Confidential Information must agree to comply with the terms of this Protective Order as a condition of receiving access to the Confidential Information. In addition, all persons falling within the description of Paragraph 6, subparts (b), (h), and (i), shall, before obtaining access to the Confidential Information, be advised of this Protective Order and personally sign and date the Endorsement of the Protective Order, attached hereto as Exhibit A. It shall be the responsibility of the counsel who shares Confidential Information with any such person to apprise them of this Order, require the person to sign Exhibit A, and thereafter maintain custody of signed Exhibit A.

8) Confidential material shall be used only by individuals permitted access to it under Paragraph 6. Confidential Information, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual until and unless (a) outside counsel for the party asserting confidentiality expressly waives the claim of confidentiality, or (b) the court orders such disclosure.

9) Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure that its confidentiality is maintained.

10) With respect to any depositions that involve disclosure of Confidential Information of a party to this action, such party shall have 30 days after receipt of the deposition transcript to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual, other than the individuals described in Paragraph 6 above, and the deponent during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual, other than those described in Paragraph 6 above, during the 30 day period. Upon being informed that certain portions of a deposition are to be designated as Confidential Information, all parties shall immediately cause each copy of the transcript in their custody or control to be

appropriately marked as confidential and limit disclosure of that transcript in accordance with Paragraphs 6 and 7 above.

11) The acceptance by a party of any information, document, or thing identified as Confidential Information shall not constitute a concession that the information, document, or thing is confidential. Subsequent to the acceptance of information, documents, or things identified as Confidential, a party may challenge the other party's claim of confidentiality. If counsel for a party receiving documents or information designated as Confidential objects to such designation of any or all of such items, the following procedure shall apply:

    a. Material or information claimed to be Confidential that is subject to a dispute as to whether it is in fact confidential shall, until further agreement of the parties or order of the court, be treated as confidential in accordance with the provisions of this Protective Order.

    b. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 30 days and shall state with particularity the grounds for asserting that the document or information is Confidential Information. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith, in an effort to resolve the dispute. If no timely written response is made to the objection, the challenged designation will be deemed to be void. The decision to permit a party to subsequently reinstate a confidentiality designation that has been deemed void by the provisions of this Paragraph is within the discretion of the court. If the court permits the party to reinstate a confidentiality designation, the document shall be treated as an inadvertently disclosed document as set forth in Paragraph 17 below.

    c. If a dispute as to a Confidential designation of a document or item of

information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the court initially by joint telephone call with the adverse party or by letter before filing a formal motion for an order regarding the challenged designation.

12)  Any interested member of the public may challenge a party's designation of information, document, or thing as Confidential Information by filing a motion before the court showing grounds why disclosure is warranted.

13)  In the event a party shall desire to provide access to information, documents, or things identified as Confidential Information to any person or category of persons, who are persons not included in Paragraphs 6 hereof, the party shall so notify the other party 30 days in advance of such access in writing and if the other party objects thereto, the party desiring to make disclosure shall move this court for an order that such person or category of persons may be given access to the Confidential Information.  In the event the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person personally signs and dates the Endorsement of the Protective Order attached hereto and otherwise complies with Paragraph 7 above and such other terms as the court may impose.

14)  14(a) If either party desires to file anything with the Court that previously has been designated as Confidential Information, that party must move to file the Confidential Information under seal, unless the Producing Party provides written consent in advance that filing the Confidential Information under seal is unnecessary.  Any such motion to file under seal shall be made in accordance with Eastern District of California Local Rule 141.  If the motion is granted, and to the extent not inconsistent with Local Rule 141, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential or Highly Confidential for the purposes of this Agreement.  Regardless of any provision in this Agreement to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

14(b) In motion practice concerning the designation of materials as **CONFIDENTIAL**

or **HIGHLY CONFIDENTIAL**, the parties shall make every effort to limit the submission of material to include only that information that is in dispute and not extraneous.

15) The special restrictions and obligations relating to Confidential Information shall not apply to any information that is not so marked and shall not apply to any information that the Parties concerned agree, or the court rules, is public knowledge, or becomes public knowledge other than as a result of disclosure by an individual receiving the same pursuant to Paragraph 6 above, or that has come or shall come into possession of the party receiving the same other than as a result of disclosure as Confidential Information in this litigation. The special restrictions and obligations shall not be deemed to prohibit the party receiving the same or its outside counsel from discussing with any person any Confidential Information if said person already has possession of the information to be discussed other than as a result of disclosure as Confidential Information in this litigation.

16) The use of Confidential Information as evidence at trial and the issue of whether the information shall be subject to any protections shall be determined by the court at the appropriate time.

17) The production or disclosure of any Confidential Information, as defined in the Protective Order, made in connection with this action that a party claims was inadvertent and should not have been produced or disclosed without a confidentiality designation shall not be deemed a waiver in whole or in part of a subsequent claim of protected treatment under the Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents in this matter and in any other federal or state proceeding. In the event of a claimed inadvertent disclosure, the following procedures shall be followed:

    a. The party producing the document shall notify lead counsel for the opposing party in writing within a reasonable period of time from the discovery of the inadvertent production by specifically identifying the affected material;

    b. Upon written notice, the receiving party shall immediately mark and treat as confidential, in the manner set forth in the Protective Order, all copies of the affected material within their possession, custody, or control—including all copies stored in or downloaded from any litigation-support or other database,

as well as all copies in the possession of experts, consultants, or others to whom the affected material was provided;

 c. If, after being notified of the inadvertent disclosure, the receiving party promptly disputes in writing the claim of confidentiality, that party may promptly present the information to the court under seal for a determination of the claim of confidentiality in the manner set forth in the Protective Order; and

 d. Pending resolution of the matter by the court, the receiving party shall treat the affected material as Confidential Information subject to the full protections of the Protective Order.

18) Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any discovery material made in connection with this action that a party claims was inadvertent and should not have been produced or disclosed based on privacy, responsiveness, attorney-client and/or work-product privilege, or HIPAA ("Inadvertently Produced Material") will not be deemed to be a waiver in whole or in part of privacy, privilege, HIPAA, or any other protections to which the party would have been entitled had the affected material not inadvertently been disclosed, either as to the specific information and/or documents disclosed or as to any other information and/or documents in this MDL and in any other federal or state proceeding.  In the event of a claimed inadvertent disclosure, the following procedures shall be followed:

 a. The party producing the document shall notify lead counsel for the opposing party in writing within a reasonable period of time from the discovery of the inadvertent production by specifically identifying the affected material;

 b. If the producing party requests the return of any Inadvertently Produced Material, those to whom the request is made shall return to the producing party immediately all copies of the affected material within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the affected material was provided;

 c. All notes or other work product of the receiving party reflecting the contents

9

of the Inadvertently Produced Material shall be destroyed, and the returned or destroyed material shall be deleted from any litigation-support or other database;

d.  If, after being notified of the inadvertent disclosure, the receiving party promptly disputes in writing the claim of privilege, that party must promptly return, sequester, or destroy any copies of the Inadvertently Produced Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), as well as any notes or other work product of the receiving party reflecting the contents of such materials, and may promptly present the information, including the Inadvertently Produced Material, to the court under seal for a determination of the claim of privilege;

e.  Pending resolution of the matter by the court, no use or disclosure shall be made of the Inadvertently Produced Material for any purpose, including, but not limited to, during depositions or at trial;

f.  If the court determines that the Inadvertently Produced Material is privileged, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the court.  If the court determines that the Inadvertently Produced Material is not privileged, the material is to be immediately returned to the receiving party; and

g.  Where the privilege or privacy at issue may be protected by redacting that information, the producing party shall provide redacted discovery material to replace the inadvertently disclosed documents within 8 business days after requesting the return of any such discovery.

19) This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this court or by the written stipulation of the parties approved by the court.

20) Within 30 calendar days of the conclusion of this matter, including any appeals related

thereto, at the written request and opinion of the producing party, such attorney and any persons to whom he or she disclosed Confidential Information under this Order shall return and surrender or destroy any such material or copies thereof to the producing party at the producing party's expense. Such persons shall return or surrender any discovery materials produced by the producing party and any and all copies (electronic or otherwise); provided, however, that counsel may retain Endorsements of Protective Order, materials required to be retained by applicable law, and all court-filed documents even though they contain discovery materials produced by the producing party, but such retained Confidential Information shall remain subject to the terms of this Order.  At the written request of the producing party, any person or entity having custody or control of discovery materials produced by the producing party shall deliver to the producing party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the producing party have been delivered to the producing party in accordance with the terms of this Order or destroyed.  In lieu of returning the materials, the producing party may direct that the materials be destroyed in a manner that will protect the Confidential Information and the destroying party shall certify that it has done so.

WHEREFORE, by the signature of their counsel below, the Parties acknowledge that they have reviewed carefully what has been expressed in this Protective Order and understand that its terms are legally binding on them.

DATED: July 7, 2020   **FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Karen M. Firstenberg*
TARIFA B. LADDON
KAREN M. FIRSTENBERG
THEODORE E. O'REILLY
Attorneys for Defendants
ZIMMER, INC.; ZIMMER BIOMET HOLDINGS, INC., AND BIOMET ORTHOPEDICS, INC.

DATED: July 7, 2020                **DYER LAW FIRM**


By:    */s/ Dustin J. Dyer*
           MICHAEL J. DYER
           DUSTIN J. DYER
           Attorneys for Plaintiff
           DANIEL DICKFOSS


**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  July 7, 2020.

                         HON. EDMUND F. BRENNAN
                         Magistrate Judge

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION**

| | |
|---|---|
| DANIEL DICKFOSS,<br><br>  Plaintiff,<br><br>v.<br><br>ZIMMER, INC.; ZIMMER BIOMET HOLDINGS, INC.; ZIMMER HOLDINGS, INC.; BIOMET ORTHOPEDICS, INC. AND DOES 1-100, INCLUSIVE,<br><br>  Defendants. | Case No.: 2:19-cv-01385-MCE-EFB<br><br>Hon. Morrison C. England, Jr.<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT – EXHIBIT A – CONFIDENTIALITY UNDERTAKING**<br><br>Complaint Filed:  May 6, 2019<br>Date Removed:    July 22, 2019 |

<u>CONFIDENTIALITY UNDERTAKING</u>

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order of Confidentiality executed by the attorneys of record for the Parties in the litigation currently pending in the United States District Court for the Eastern District of California, Sacramento Division, involving M2a Metal on Metal hip implants and which is identified by Case Number: 2:19-cv-01385-MCE-EFB, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms, including the jurisdiction of the United States District Court of California for purposes of enforcement of this Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Signed: _____

Name: _____

Date: _____